UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v-<br><br>MICHAEL LANE,<br>                       Defendant. | 09-cr-441 (RJS)<br>ORDER |

RICHARD J. SULLIVAN, Circuit Judge:

      The Court is in receipt of a Motion to Terminate Supervised Release pursuant to 18 U.S.C. § 3583(e)(1) filed by Defendant Michael Lane, who is proceeding pro se. (Doc. No. 53.) Lane argues that early termination is appropriate because, since his release from custody in July 2019, he has fully complied with the terms of his supervised release, maintained steady employment, and performed various acts of service in his community. (*Id.* at 2–3.) The government and Probation both oppose Lane's motion. (Doc. No. 57 at 2.) For the reasons set forth below, the motion is respectfully denied.

      Section 3583(e)(1) permits the Court to terminate a term of supervised release after one year if "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In evaluating a § 3583(e)(1) motion, the Court must also consider the factors listed in 18 U.S.C. § 3553(a), including but not limited to the "nature and circumstances of the offense and the history and characteristics of the defendant," *id.* § 3553(a)(1), the need to "afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B), the need to "protect the public from further crimes of the defendant," *id.* § 3553(a)(2)(C), and the need to "provide the defendant with needed educational or vocational training . . . or other correctional treatment in the most effective manner," *id.* § 3553(a)(2)(D). *Id.* § 3583(e). Ultimately, the decision of whether to grant early termination of a term of supervised release "rests within the

discretion of the district court." *United States v. Harris*, 689 F. Supp. 2d 692, 694 (S.D.N.Y. 2010) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

Although Lane's behavior while on supervised release has certainly been commendable, "[a] defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release." *United States v. Bouchareb*, 76 F. Supp. 3d 478, 479 (S.D.N.Y. 2014) (citation omitted). This is because "full compliance with the terms of supervised release is what is expected of the defendant and does not warrant early termination." *Id*. (citation and alterations omitted); *see also Karacsonyi v. United States*, No. 97-1220, 1998 WL 401273, at *1 (2d Cir. June 10, 1998) ("Full compliance, after all, is merely what is expected of all people serving terms of supervised release."). Here, the section 3553(a) factors counsel against the termination of his term of supervised release, notwithstanding Lane's otherwise exemplary conduct. Indeed, it cannot be overlooked that Lane committed a serious and dangerous sex offense involving the attempted enticement of minors. Thus, while Lane's rehabilitative efforts are encouraging, they do not override the grave crime that warranted such a sentence in the first place, nor do they amount to "changed circumstances" that "render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Lussier*, 104 F.3d at 36.

Accordingly, IT IS HEREBY ORDERED THAT Lane's motion for early termination of supervised release is DENIED.

SO ORDERED.

Dated:   August 1, 2022
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation